UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| BOBBY JOHNSON and TONI NELSON, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No.: 3:11-CV-469 |
| | ) | (VARLAN/SHIRLEY) |
| WAL-MART STORES EAST, LP, | ) | |
| MTD, LLC, and | ) | |
| BRIGGS AND STRATTON CORPORATION, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This civil action is before the Court on defendant Briggs and Stratton Corporation's ("Briggs & Stratton") Motion to Dismiss for Insufficient Service of Process [Doc. 6], in which Briggs & Stratton makes a limited appearance without waiving a challenge to personal jurisdiction and moves the Court to dismiss the case for insufficient service of process pursuant to Rule 12(b)(5) of the Federal Rules of Civil Procedure. Briggs & Stratton also requests that it be excused from the deadlines set forth in the Scheduling Order for this case [Doc. 5]. Plaintiffs have not responded to Briggs & Stratton's motion and the time for doing so has passed. *See* E.D. Tenn. L.R. 7.1(a), 7.2.

I.    **Relevant Facts**

In 2010, plaintiff Bobby Johnson, a resident of Tennessee, purchased a lawnmower from co-defendant Wal-Mart Stores East, LP ("Wal-Mart") in Grainger County. Co-defendant MTD, LLC ("MTD") manufactures the lawnmower sold by Wal-Mart, while Briggs & Stratton manufactures the engine component for MTD, which is subsequently

installed in MTD's lawnmowers. As set forth in the complaint [Doc. 1-1], on or around June 1, 2010, plaintiffs suffered injury as a result of alleged defects in the lawnmower. Specifically, the lawnmower's gear slipped while plaintiff Johnson was operating it, throwing him from the lawnmower and injuring him in the process [*Id.* at ¶ 9]. The lawnmower then hit plaintiff Toni Nelson, also causing injury that required medical treatment [*Id.*].

Plaintiffs originally filed a complaint against all three defendants in Grainger County Circuit Court on May 31, 2011 [*Id.*]. Co-defendants Wal-Mart and MTD removed the action to this Court pursuant to 28 U.S.C. §§ 1441 and 1446 on September 29, 2011 [Doc. 1]. Briggs & Stratton consented to the removal [Doc. 1-5]. The record does not indicate that service was made as to Briggs & Stratton before or after the case was removed.

Briggs & Stratton's present motion [Doc. 6] moves the Court to dismiss the action against it for plaintiffs' failure to serve a summons and copy of the complaint within the time period permitted under Rule 4(m) of the Federal Rules of Civil Procedure. Briggs & Stratton also request that the Court relieve it of any deadlines associated with the Scheduling Order.

## II.    Analysis

Under Rule 12(b)(5), a party may file a motion asserting insufficient service of process as a defense. "Due process requires proper service of process for a court to have jurisdiction to adjudicate the rights of the parties." *O.J. Distrib., Inc. v. Hornell Brewing Co.*, 340 F.3d 345, 353 (6th Cir. 2003). The plaintiff "bears the burden of perfecting service of process and showing that proper service was made. *Sawyer v. Lexington-Fayette Urban Cnty. Gov't*, 18 F. App'x 285, 287 (6th Cir. 2001) (citing *Byrd v. Stone*, 94 F.3d 217, 219

2

(6th Cir. 1996)). *See also Mullins v. Kalns*, No. 99-4301, 2000 WL 1679511, at *2 (6th Cir. Nov. 3, 2000) (stating that the plaintiff "bears the burden of executing due diligence in perfecting service of process and showing that proper service was made" (citing *Byrd*, 94 F.3d at 219)). "[A]ctual knowledge and lack of prejudice cannot take the place of legally sufficient service." *LSJ Inv. Co. v. O.L.D., Inc.*, 167 F.3d 320, 324 (6th Cir. 1999).

Rule 4(m) states that "[i]f a defendant is not served within 120 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." This Court and others have dismissed cases without prejudice for failure to comply with Rule 4(m). *See William v. Witsell*, No. 3:07-CV-243, 2008 WL 5120904, at *2 (E.D. Tenn. Dec. 3, 2008) (dismissing where plaintiffs "not only failed to give good cause for failing to serve defendants in the requisite manner, but . . . also allowed the case to languish for well over a year, without any further pursuit of the action"); *Kizer v. Americold Logistics, L.L.C.*, 10-2922-STA-tmp, 2012 WL 1565643, at *6 (W.D. Tenn. May 2, 2012) (granting defendant's motion for dismissal without prejudice when docket did not reflect that summons was ever issued to defendant).

Plaintiffs filed their complaint on May 31, 2011. There is no evidence in the record that Briggs & Stratton ever received a copy of the complaint or that service was otherwise effectuated against this defendant. Although Briggs & Stratton may be said to have had knowledge of the complaint by giving consent to the removal of the case to this Court, any such knowledge or notice "cannot take the place of" and is not a substitute for legal service. *LSJ*, 167 F.3d at 324. More than one year, or three times the period of time required by Rule

3

4(m), has passed since the complaint was initially filed. It has also been a year since the case was removed to this Court. Plaintiffs have not sought leave of this Court to extend the time by which they may serve this defendant, nor have they explained why service was not executed within the requisite time period under Rule 4(m). In other words, plaintiffs have not taken any action to further their case against Briggs & Stratton. Because there was no proper service as to this defendant, plaintiffs' case against Briggs & Stratton will be dismissed.

## III.  Conclusion

The Court finds Briggs & Stratton's motion is well-taken. For the reasons stated above, Briggs & Stratton's Motion to Dismiss [Doc. 6] is hereby **GRANTED**. Pursuant to Rule 4(m), this case is **DISMISSED without prejudice** as to defendant Briggs & Stratton. Because the Court finds dismissal appropriate, it need not address Briggs & Stratton's requests pertaining to the Scheduling Order.

IT IS SO ORDERED.


s/ Thomas A. Varlan
CHIEF UNITED STATES DISTRICT JUDGE